**NOT FOR PUBLICATION**

```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY


MICHELLE E. ALFRED,            :
                               :  Civil Action No. 08-62 (RMB)
          Plaintiff,           :
                               :
                               :
     v.                        :  MEMORANDUM AND ORDER
                               :
THE NEW JERSEY TRANSIT POLICE, :
et al.,                        :
                               :
          Defendants.          :
```

**APPEARANCES:**

Michelle E. Alfred
511 Gibbsboro Road, Apt. 1214
Lindenwold, New Jersey 08021
     Pro Se Plaintiff

Kathleen M. Bartus, Esquire
State of New Jersey
Department of Law and Public Safety
Richard J. Hughes Justice Complex
CN 116
Trenton, New Jersey 08625
     Attorney for Defendants

**BUMB**, United States District Judge:

     This matter comes before the Court upon the Defendants' motion to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1).  For the reasons set forth herein, the motion will be granted, and the Complaint will be dismissed for lack of subject-matter jurisdiction.

Plaintiff, Michelle Alfred, alleges in her Complaint that in early or mid 2007 she approached two New Jersey Transit policemen at the Walter Rand Bus Station in Camden, New Jersey.  She alleges that a woman across the street had previously assaulted her and that there was an open warrant for her arrest.  The transit officers then took the woman, Rena Brown, into their custody.  Ms. Brown was processed at the Camden City Municipal Court and then released on her own recognizance the same day.

Plaintiff alleges that the New Jersey Transit Police and transit police officers Joseph Bober, Edward Iandoli and Melvin Webb ("the Transit defendants") have caused her mental anguish by putting her at risk of retaliation and various other injuries stemming from the release of Ms. Brown.  In sum, Plaintiff alleges that the Transit defendants did not properly do their job.  As she states in her Complaint, "Why get paid a big salary if you are not going to do your job is the question?...So now I must file a lawsuit I have seen to (sic) many things done illegal[ly] since I have been living in the State of New Jersey. I am demanding justice be served."  (Complt., pg. 2)

**Standard**

Rule 12(b)(1) of the Federal rules of Civil Procedure provides that a party may assert lack of subject-matter jurisdiction as a defense.  Rule 12(h)(3) provides that "[i]f the

Court determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action."

The Court agrees with the Transit defendants' that this Court lacks subject-matter jurisdiction, and thus, the Complaint should be dismissed. Federal courts are courts of limited jurisdiction, with original jurisdiction over only cases involving diversity jurisdiction and cases involving federal question jurisdiction. 28 U.S.C. §§ 1331, 1332.

Title 28, United States Code, section 1332 § 1332 provides:

(a)  The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–

  (1)  citizens of different States.

Diversity jurisdiction is used to avoid prejudicing a citizen of one state in another's state courts. In accordance with both the purposes of the diversity jurisdiction and the concern over the undue expenditure of federal judicial resources, diversity jurisdiction has been confined to cases of "complete diversity." Strawbridge v. Curtiss, 7 U.S. 267 (1806), overruled in part on other grounds, Louisville, C.&C.R. Co. v. Letson, 43 U.S. 497 (1844). Under this principle, diversity jurisdiction is confined to suits in which all plaintiffs are from different states from all defendants. Id. See also HB General Corp. v. Manchester partners, L.P., 95 F.3d 1185 (3rd. Cir. 1996) (holding

3

that complete diversity is required in federal court where jurisdiction is based solely on diversity).

Title 28 United States Code, Section 1331 states "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 29 U.S.C. § 1331. The federal question necessary for federal question jurisdiction must be apparent on the face of the complaint. United Jersey Banks v. Parell, 783 F.2d 360, 387 (3d. Cir. 1986), cert. denied 476 U.S. 1170 (1986). Very few exceptions exist that allow federal question jurisdiction without the federal question appearing on the face of the complaint. Id. at 366 (citing two exceptions to the well pleaded complaint rule: 1) when it appears that some substantial, disputed question of federal law is an element of one of the well-pleaded state claims; or 2) when it appears that plaintiff's claim is really one of federal law).

Here, the Plaintiff alleges she resides in New Jersey,[1] and thus, presumably, is a citizen of New Jersey. She has provided no evidence to the contrary. The New Jersey Transit Police, indisputably, has its principal place of business in New Jersey. Accordingly, complete diversity jurisdiction is lacking.

---

[1] Should Plaintiff produce evidence that she is not a citizen of the State of New Jersey, she may file a motion to reconsider within ten business days of the entry of the Order dismissing the Complaint, pursuant to L. Civ. R. 7.1(i).

Moreover, nowhere in Plaintiff's Complaint does she allege a claim that arises under the laws, treaties and Constitution of the United States so as to grant her federal question jurisdiction.  In her opposition [Document Entry No. 13] to the Transit defendants' motion, Plaintiff does not add any clarity to her claim.  Rather, she seeks the Court's assistance in indicting a state employee -- something this Court has no jurisdiction to do.  She also continues to state that she is "suing because the state does to [sic] many illegal things." [Docket Entry No. 13, pgs. 2-3].  In short, Plaintiff is dissatisfied with the way in which the Transit defendants handled her complaints relating to Ms. Brown.  The failure of the Transit defendants to perform their job as the way Plaintiff feels they should have done so does not present this Court with a federal question.

Accordingly, for the foregoing reasons, this Complaint is dismissed for lack of subject matter jurisdiction.  The Clerk of the Court is directed to close the file.

                                        s/Renée Marie Bumb
                                        RENÉE MARIE BUMB
                                        United States District Judge

Dated: October 3, 2008